IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                            Plaintiff,                              8:10-CR-203

            vs.

HOVIK FITERZ                                              MEMORANDUM AND ORDER

                            Defendant.

This matter comes before the Court on Defendant's Motion for Compassionate Release

under 18 U.S.C. § 3582(c)(1)(A). Filing 115. Defendant's Motion will be denied.

Defendant pled guilty to possession with the intent to distribute cocaine in violation of 21

U.S.C. §§ 841(a)(1) & (b)(1). The Presentence Investigation Report (PSR) placed the base offense

level at 36 because Defendant was involved with fifty-one kilograms of cocaine. Filing 92 at 7.

Defendant was also designated as a career offender because he had at least two prior felony

convictions for burglary, which at the time of sentencing constituted a crime of violence under

U.S.S.G. § 4B1.1(b). This raised his offense level to 37. Filing 92 at 7. The Court adopted the PSR

and sentenced Defendant to 188 months' incarceration, to be followed by five years of supervised

release. Filing 90. Defendant did not appeal the conviction or sentence.

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody (the "§ 2255 Motion") (Filing 108), and the Court denied the

motion, Filing 113. In the § 2255 Motion, Defendant asserted that his designation as a career

offender was improper and his sentence should be vacated pursuant to the Supreme Court's

decision in *Johnson v. United States*, 576 U.S. 591 (2015). The Court denied the § 2255 Motion

based on the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017), that

*Johnson* did not apply to the residual clause in the version of U.S.S.G. § 4B1.2(a) in effect at the time of Defendant's sentencing. Defendant now files this Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant's evidence shows that more than 30 days have passed since he submitted a request for compassionate release to the warden of his facility. *See* Filing 115 at 9, 10. The Court is satisfied that Defendant has satisfied his administrative remedies for purposes of this motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
>       . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Accepting all Defendant's factual allegations as true, Defendant has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant's argument focuses on the generalized threat of COVID-19 and his general

rehabilitation since being incarcerated.[1] Although he lists several of his medical conditions, he has not presented any specific allegation or record support that he personally is at a greater risk or that his medical needs are not being met within the prison system. Such generalized concerns without evidence are insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release.").

Further, the Court has reviewed the record and concludes that a reduction of Defendant's sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[2] When considering these factors, a defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for" compassionate release. *See United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). While Defendant's efforts at post-conviction rehabilitation are commendable, they do

---

[1] Defendant also makes a vague argument that compassionate release should be granted because had he been sentenced today, he would have received a much lower sentence. Presumably he refers to the impact of Amendment 798 to the Sentencing Guidelines on his career-offender status. However, this Court has previously recognized that Amendment 798 was specifically not made retroactive. *United States v. Delrio*, No. 8:14CR378, 2020 WL 1702353, at *2 (D. Neb. Apr. 7, 2020). Additionally, a sentencing discrepancy under these circumstances is not a basis for compassionate release and, as stated below, the Court has considered Defendant's sentencing background in denying his motion for compassionate release.

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

not overcome the other § 3553(a) factors that weigh against release. Defendant has a significant criminal history including multiple felony convictions. After review of the record, the Court concludes that the relevant § 3553(a) factors and surrounding circumstances weigh against release.

IT IS ORDERED:

1.      Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), Filing 115, is denied; and

2.      The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.


Dated this 21st day of January, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4